# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

| | |
|---|---|
| ERRANDS PLUS INC *d/b/a* RMA WORLDWIDE CHAUFFEURED TRANSPORTATION,<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT, LLC, and SIGNATURE AVIATION SERVICES CORPORATION,<br><br>Defendants. | Civil Action No.  3:25-cv-00098-JHY<br><br>The Honorable Judge Jasmine H. Yoon |

### PLAINTIFF RMA'S OPPOSITION TO DEFENDANTS' MOTION FOR REMOTE EXPERT TESTIMONY AT TEMPORARY RESTRAINING ORDER HEARING

Plaintiff Errands Plus Inc. *d/b/a* RMA Worldwide Chauffeured Transportation ("RMA"), by and through counsel, submits this Opposition to Defendants'[1] Motion for Remote Expert Testimony at the January 7, 2026 Temporary Restraining Order ("TRO") hearing filed **at 4:45 pm** on **December 31, 2025** (Dkt. 21).

### ARGUMENT

This Court has scheduled a time to "hear [RMA's] motion" for a TRO for January 7, 2025, and issued a supplemental briefing schedule.  Dkt. 11.  This Court has not scheduled a preliminary injunction hearing, nor has it requested or ordered testimony from any witnesses.  Signature's effort to use the TRO hearing to offer—for the first time—undisclosed, untested, and improper opinions regarding what appear to be purely legal issues (disguised as expert testimony from a

---

[1] Signature Flight Support LLC ("Signature Flight") and Signature Aviation Services Corporation ("Signature Corp.") (collectively, "Signature" or "Defendants").

1

purported aviation expert) should be rejected, not least because it represents a clear trial by ambush.[2]

RMA informed Signature of its intent to file for injunctive relief, at the latest, by December 3, 2025. Dkt. 7-8, Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion" or Mot."), Ex. H. RMA filed for injunctive relief in state court on December 12, 2025, Dkt. 1-1, Verified State Court Complaint, and the Albemarle County Circuit Court scheduled a hearing on RMA's request for injunctive relief on December 17, 2025 at 2:00 p.m. ET. Signature removed the case to federal court *less than an hour* before the scheduled hearing at 1:04 p.m. ET.

Upon removal, this Court ordered RMA to file a renewed motion for a TRO, which RMA did on December 19, 2025. Dkts. 4, 6. Signature thereafter filed its opposition to RMA's renewed motion. That opposition was not supported by a declaration from any witness, much less a purported industry expert or commentator. Dkt. 10. After receiving Signature's opposition, this Court ordered supplemental briefing, and set the matter for hearing on January 7, 2026. Dkt. 11. Signature filed its supplemental opposition on December 26, 2026, which again was bereft of any evidentiary support. Dkt. 17. RMA complied with this Court's order by filings its supplemental response on December 31, 2025, at 4:25 p.m. ET. Dkt. 18.

Signature has been on notice of this TRO for nearly a month, and Signature could have filed a declaration or even a report from its purported expert with *either of its two briefs*, including the supplemental brief ordered by this Court and filed on December 26, 2025. Dkt. 17. Instead, Signature lied in wait. It was only 15 minutes *after* RMA filed its supplemental brief on New

---

[2] Mr. Kohlman is not a percipient witness. He apparently intends to opine on various regulations and standards applicable to Signature based on his purported experience. Dkt. 21 ¶ 1. Therefore, his testimony is necessarily that of an expert, and Signature has done nothing to qualify him as such. *See* Fed. R. Civ. P. 26(a)(2).

2

Year's Eve that Signature identified its purported expert witness, and announced its intention to have this individual provide testimony at the TRO hearing, testimony that the Court's Order neither contemplated nor called for. Indeed, it is only because Signature sought the procedural advantage of having this witness appear remotely that RMA even learned of his identity.

Signature's untimely request also intentionally deprives RMA of the opportunity to respond to whatever testimony Mr. Kohlman intends to offer. Even now, Signature fails to even explain what Mr. Kohlman will testify to or why his testimony is reliable, relevant, or material. Thus, RMA does not know what conclusions Mr. Kohlman will testify to, the basis for his conclusions, or the rationale and facts undergirding those conclusions.

The Court should not countenance Signature's effort to circumvent its Order and ambush RMA with undisclosed expert testimony from an individual who appears prepared to testify about what are, at bottom, purely legal questions—how to interpret contractual terms and Federal Aviation Administration rules and regulations. *See* Dkt. 21 (asserting that Mr. Kohlman will testify as to "Fixed Base Operators, FAA grants and regulations, leaseholds, and other issues related to disputed allegations that RMA is entitled to access Signature's private leaseholds").

To the extent the Court permits such testimony, that testimony should only be permitted (1) at a preliminary injunction hearing in which RMA will have the opportunity to present its own fact and expert witness testimony in an orderly fashion; and (2) after Signature has disclosed Mr. Kohlman's purported expert opinions and RMA has had an opportunity to depose Mr. Kohlman.

## **CONCLUSION**

This Court should deny Signature's motion for a witness to appear at the hearing on RMA's TRO motion. In the alternative, this Court should defer any witness testimony until any preliminary injunction hearing and only after Signature has disclosed Mr. Kohlman's purported

3

opinions and only after RMA has had the opportunity to depose Mr. Kohlman. Given Signature's conduct here, RMA expressly reserves all rights, including its right to first depose any proffered witnesses, move to strike, to challenge the admissibility of any purported expert opinions, and to cross-examine any witness who testifies at any hearing in this matter.

Date: January 1, 2026

**ERRANDS PLUS, INC. D/B/A RMA WORLDWIDE CHAUFFEURED TRANSPORTATION**

*/s/ Jason E. Manning*
Jason E. Manning (VSB No. 74306)
David M. Asbury (VSB No. 88977)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: 757.687.7564
Facsimile: 757.687.1524

Michael S. Lowe (admitted *pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone: 215.981.4364
Facsimile: 215.981.4750

*Counsel for Plaintiff*