IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ERRANDS PLUS INC., D/B/A RMA
WORLDWIDE CHAUFFEURED
TRANSPORTATION,

    Plaintiff,

v.                                                Case No. 3:25-cv-00098-JHY-JCH

SIGNATURE FLIGHT LLC AND
SIGNATURE AVIATION SERVICES
CORPORATION,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR WITNESS TO APPEAR REMOTELY AT HEARING ON PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

    COMES NOW Defendant Signature Flight Support LLC d/b/a Signature Aviation

("Signature")[1], by counsel, and submits this response to Plaintiff's opposition to defendants'

Motion for witness to appear remotely at the hearing on Plaintiff's Motion for Temporary

Restraining Order (CM/ECF Document #6).

    In Plaintiff's Opposition to Defendant's Motion (CM/ECF Document #22), Plaintiff

mischaracterizes the nature of the upcoming hearing, misapplies the law governing preliminary

proceedings and the basis for RMA's alleged "right" to access private property, and ignores the

emergency context created by RMA's own "emergency" motion. For the reasons set forth below,

the Court should grant the Motion and permit Jeff Kohlman to appear remotely.

---

[1] RMA names "SIGNATURE AVIATION SERVICES CORPORATION" as a defendant, but this is not a proper
party. It does not operate any FBO and would be unable to effectuate the relief RMA seeks in this motion. It is not a
proper party to this action under any circumstances.

## ARGUMENT

The Court has broad discretion to allow testimony at temporary restraining order or preliminary injunction hearings. Rule 65 governs preliminary injunctions and TROs. *See* Fed. R. Civ. P. 65. Under Rule 65, TRO hearings regularly include affidavits or live testimony to inform the Court's preliminary assessment, particularly where the issues involve specialized industry knowledge such as fixed base operator practices, FAA grant assurances, leasing policies, and minimum standards.

In this case, plaintiff RMA is a bus company, yet it is asserting rights to access Signature's private leasehold that simply do not apply to bus companies.  Defendants' proposed witness, Mr. Kohlman, will offer testimony only to address the misapplication of  standards and regulations for access asserted by RMA.  Mr. Kohlman has 35 years of experience in aviation planning, operations, and consulting and is well-positioned to provide instructive context on these topics, which directly rebut RMA's disputed allegations of entitlement to access Defendant's private leaseholds, the industry norms, and regulatory applications.

Plaintiff's cry of "trial by ambush" rings hollow. *Id.* at 1. Plaintiff itself created this expedited timeline by filing an emergency TRO motion and demanding immediate relief. Indeed, it was first filed with any court (Albemarle Circuit) on December 12, 2025, only sent to the below signed counsel on December 16, 2025, set for a hearing for the very next day (without service being achieved) before it was removed to this Court on December 17, 2025.  For RMA to now claim that it is now subject to "trial by ambush," when that is exactly what it tried to do, is disingenuous.

To the contrary here, Signature has acted promptly and diligently in all respects: it opposed the TRO and, only upon recognizing the need for contextualizing testimony after

plaintiff misapplied numerous standards in its motion for its TRO did Signature move for remote appearance.  It could submit a declaration now, but in the interest of fairness, full disclosure, and that Signature still does not know exactly what argument RMA intends to make, the presence of a witness is the preferred choice of Signature.  It even arguably benefits RMA as one cannot cross-examine a declaration. Yet RMA offers no real reason for its prohibition.

Plaintiff erroneously invokes Rule 26(a)(2) expert disclosure obligations, demanding a report, deposition, and qualification hearing before any testimony. *Id.* at 1-2. However, Rule 26 governs discovery in general litigation, not expedited TRO proceedings. *See* Fed. R. Civ. P. 26(d)(1). Indeed, it would be preferable to all parties to have full discovery, but the plaintiff is one seeking immediate and emergency relief, thus necessitating immediate action by the defendants.  The plaintiff chose the path, and now Signature is simply responding accordingly.

As the Supreme Court has recognized, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). See also *Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976) (accepting well-pleaded allegations and uncontroverted affidavits at the preliminary-injunction stage); compare Fed. R. Civ. P. 56 (requiring affidavits supporting summary judgment to be "made on personal knowledge" and to "set out facts that would be admissible in evidence"), with Fed. R. Civ. P. 65 (providing no such requirement in the preliminary-injunction context). Consistent with this principle, courts of appeals nationwide have repeatedly held that hearsay may be considered in determining whether to award preliminary relief. See *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004); *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997); *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985

(11th Cir. 1995); *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993); *Asseo v. Pan Am. Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)

Likewise, this *Camenisch* approach has been expressly adopted by the Fourth Circuit in *G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd., 822 F.3d 709, 725–26 (4th Cir. 2016)*.  In the immediate circumstance, given the nature of the "emergency" created by the plaintiff's own motion, the Defendant's Motion should be granted allowing Mr. Kohlman to appear remotely at the hearing on Plaintiff's Emergency Motion for a Temporary Restraining Order, as his testimony will shed light on topics that have been heretofore been misapplied by the plaintiff.

Fed. R. Civ. P. 43(a) likewise authorizes testimony "by contemporaneous transmission from a different location" upon a showing of good cause in compelling circumstances and with appropriate safeguards. The Fourth Circuit has approved the use of video testimony under Rule 43(a). See *United States v. Baker*, 45 F.3d 837, 843–44 (4th Cir. 1995).  Given the "emergency" nature of the hearing and the intervening holiday season, the relief is appropriate and defendants hereby request the same from this Honorable Court.


WHEREFORE, Defendant Signature Flight Support LLC d/b/a Signature Aviation respectfully requests Mr. Jeff Kohlman be permitted to participate in the hearing virtually or by other means in lieu of travel to Virginia on short notice.

**SIGNATURE FLIGHT LLC AND
SIGNATURE AVIATION SERVICES
CORPORATION**

By Counsel

s/Jon A. Nichols
Jon A. Nichols (VSB No. 48613)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jnichols@hccw.com

Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

# **C E R T I F I C A T E**

I hereby certify that on the 5th day of January, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, including:

Jason E. Manning, Esq.
VSB No. 74306
David Mitchell Asbury, Esq.
VSB No. 88977
Michael S. Lowe, Esq. (Pro Hac)
Troutman Pepper Locke LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
757-687-7564 - Phone
jason.manning@troutman.com
david.asbury@troutmansanders.com
michael.lowe@troutmansanders.com

s/Jon A. Nichols
Jon A. Nichols (VSB No. 48613)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jnichols@hccw.com

Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com