CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
February 19, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Errands Plus, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Signature Flight Support, LLC ) | Civil Action No. 3:25-cv-00098 |
| ) | |
| and ) | |
| ) | |
| Signature Aviation Services Corporation, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On December 26, 2025, Signature Flight Support, LLC ("Signature") filed a supplemental brief, (Dkt. 17) at the request of the court, (Dkt. 11). The brief was signed by counsel of record. In the brief, counsel cites two Fourth Circuit cases to support Signature's arguments.

(1) On Page 7, counsel wrote "in *Dunn Construction Co. v. Cloney*, the Fourth Circuit emphasized that conduct motivated by legitimate economic interests—even if it disadvantages another party—does not amount to tortious interference. 278 F.3d 253, 262 (4th Cir. 2002)."

(2) On Page 8, counsel wrote "[t]o succeed on a tortious interference with contract claim, RMA must show intentional inducement of breach. . . . In *Ward v. Coastal Carolina*

*Health Care, P.A.*, the Fourth Circuit held that a defendant must act 'with the purpose of causing a breach.' 597 F.3d 381, 393 (4th Cir. 2010)."

Based on the court's research, neither case exists. *Dunn Construction Co. v. Cloney* appears to be a Virginia Supreme Court case, 682 S.E.2d 943 (Va. 2009), that discusses the source of duty rule. *Ward v. Coastal Carolina Health Care, P.A.* appears to be a case from the Eastern District of North Carolina, 597 F. Supp. 2d 567 (E.D.N.C. Jan 8., 2009), which is primarily about sex discrimination and retaliation claims under Title VII. Neither case appears to support the argument made by Signature in its supplemental brief.

In light of the above, counsel shall, no later than **February 20, 2026, at 5:00 PM EST**, provide copies of the two Fourth Circuit cases Signature cited in the supplemental brief, (Dkt. 17), to the court. If it is unable to do so, counsel shall, by the same date and time, **SHOW CAUSE** in writing why counsel should not be sanctioned or referred to the Virginia State Bar for professional misconduct for citing non-existent cases to the court. Any such submission shall take the form of a sworn declaration and shall provide, among other things, a thorough explanation of how the brief came to cite cases that do not exist and what role, if any, counsel of record played in drafting the brief as well as in reviewing and verifying legal citations for accuracy before filing the brief. To the extent any other attorneys or legal professionals were involved in the researching, drafting, or reviewing of the brief, they should also provide a sworn declaration to the court as to their role and explanation as to why and how the brief came to cite non-existent cases by the stated deadline.

The Clerk is directed to send a copy of this Order to all counsel of record.

**ENTERED** this  19th  day of February, 2026.

                                      HON. JASMINE H. YOON
                                      UNITED STATES DISTRICT JUDGE