IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ERRANDS PLUS INC., D/B/A RMA
WORLDWIDE CHAUFFEURED
TRANSPORTATION,

  Plaintiff,

v.                                                          Civil Action No. 3:25-cv-00098-JHY-JCH

SIGNATURE FLIGHT LLC

and

SIGNATURE AVIATION SERVICES
CORPORATION,

  Defendants.

## RESPONSE TO ORDER TO SHOW CAUSE

Defendants Signature Flight Support LLC d/b/a Signature Aviation (incorrectly sued as Signature Flight LLC) and Signature Aviation Services Corporation ("Signature" or "Defendants"), through its undersigned counsel, respectfully submit this Response to the Court's February 19, 2026, Order to Show Cause.

The undersigned counsel takes this issue seriously and apologizes for the citation errors identified by the Court. The errors were inadvertent, resulting from mistaken attribution during drafting, and not from reliance on artificial intelligence ("AI") or fabricated authority. The undersigned counsel personally reviewed the cases and intended to cite the correct cases in Defendants' brief. However, incorrect case names and citations were referenced during the editing process and not corrected before filing.[1]

---

[1] In full candor, counsel identified additional citation errors. There errors were inadvertent, resulting from imprecise citation formatting and paraphrasing, and did not arise from the use of artificial intelligence or fabricated authority. (1) Page 2 — *Di Biase v. SPX Corp.* The citation was intended to attribute the proposition regarding economic losses and irreparable harm to its origin in *Di Biase*, as later quoted in *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*, 915 F.3d 197 (4th Cir. 2019).. (2) Page 3 — *Direx Israel, Ltd. v. Breakthrough Medical Corp.* This was intended as a summary of the holding that primarily economic injuries do not constitute irreparable harm; quotation marks were used in error. . (3) Page 3 - *Hughes Network Sys. Inc.* – This citation and the proposition for which it is cited are correct, but the "readily calculable" language is counsel's emphasis. (4) Page 3 — *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*. This is the correct citation and stands for the proposition cited, but the language in quotes is from counsel, not taken from the case, (5) Page 4 - *Real Truth About Obama, Inc.* The case includes that language "a clear showing" but the language "a clear showing of irreparable harm" is counsel's emphasis. The second quotation is missing the word "is".

The undersigned counsel and his firm are mindful of citation verification during the drafting process, including independent case review and use of citation-checking tools. Those procedures were followed here, as set forth in the attached sworn declarations of counsel, yet the incorrect citations were not flagged. The undersigned counsel accepts full responsibility for these errors and offers this explanation to clarify the intended authorities and assure the Court that no misrepresentation was intended.

### *Dunn v. Cloney and Dunlap v. Cottman*

Defendants' Supplemental Briefing (Defendant Signature's Supplemental Briefing, 7) states, "in *Dunn Construction Co. v. Cloney*, the Fourth Circuit emphasized that conduct motivated by legitimate economic interests—even if it disadvantages another party—does not amount to tortious interference. 278 F.3d 253, 262 (4th Cir. 2002)." Counsel intended to reference **Dunlap *v. Cottman Transmission Sys., LLC,*** No. 2:11-cv-272, 2011 WL 13141455 (E.D. Va. Nov. 7, 2011) and its progeny, not **Dunn** *v. Cloney,* 278 Va. 260, 682 S.E.2d 943 (2009).

The undersigned counsel reviewed both *Dunlap* and *Dunn* in preparing the brief. Both contain similar language that not every alleged breach of contract gives rise to a tort claim. At that juncture in this case, before Plaintiff filed an Amended Complaint, the alleged contract at issue was Signature's Lease with the Airport under which RMA was asserting standing. In *Dunn,* the Supreme Court of Virginia addressed allegations of fraudulent representations arising out of a contract and tortious breach of an alleged common law duty in a contract. *Dunlap*, which included a total of five decisions from both the Fourth Circuit and the Supreme Court of Virginia (on a certified question), addressed tortious interference with a contract.[2] Both had nearly identical language that supported Defendants' position in their brief.  *Dunn* includes the following language: "we cannot permit '**turning every breach of contract into an actionable claim for fraud.**'" 278 Va. at 268. *Dunlap* also includes this language: "…diligence we have exercised to prevent '**turning every breach of contract into an actionable claim for fraud**.'" *Dunlap* at *2.

---

[2] *Dunlap v. Cottman Transmission Sys., LLC*, No. 2:11-cv-00272, 2011 WL 13141455 (E.D. Va. Nov. 7, 2011); *Dunlap v. Cottman Transmission Sys., LLC,* 539 F. App'x 69 (4th Cir. 2013); *Dunlap v. Cottman Transmission Sys., LLC,* 287 Va. 207, 754 S.E.2d 313 (2014); *Dunlap v. Cottman Transmission Sys., LLC,* 576 F. App'x 225 (4th Cir. 2014); *Dunlap v. Cottman Transmission Sys., LLC*, No. 2:11-cv-00272, 2015 WL 12804277 (E.D. Va. Nov. 5, 2015).

*Dunlap,* incorrectly cited in the brief as *Dunn,* was added by the undersigned counsel to bolster the argument relating to *Commerce Funding Corp. v. Worldwide Security Services Corp.,* 249 F.3d 204, 210–11 (4th Cir. 2001). The undersigned counsel read both the *Dunn* and *Dunlap* cases for this section and both included similar language, but it was *Dunlap* that counsel intended to use, not *Dunn.* The undersigned counsel inadvertently conflated these two cases, and the *Dunn* case was not flagged by Westlaw's Quick Check, which was utilized before filing.

<u>*Ward v. Coastal Carolina Health Care, P.A.*</u>

Defendants' Supplemental Briefing states that "[t]o succeed on a tortious interference with contract claim, RMA must show intentional inducement of breach. . . . In *Ward v. Coastal Carolina Health Care, P.A.*, the Fourth Circuit held that a defendant must act "with the purpose of causing a breach." 597 F.3d 381, 393 (4th Cir. 2010). Defendant Signature's Supplemental Briefing, 8. This case was likewise inadvertently cited. The undersigned intended to cite *Carty v. Westport Homes of N. Carolina, Inc.,* 472 F. App'x 255 (4th Cir. 2012). A copy is attached.

Unable to locate any on-point cases from Virginia to support the position that there must be an intentional inducement of breach, the undersigned counsel looked in neighboring jurisdictions within the same Federal Circuit for instructive cases. Counsel recalls reading the *Ward v. Coastal Carolina* case, because it dealt with a "private conspiracy" claim but did not read it in its entirety, because it involved a physician and equal protection/discrimination claims. From there, he located *Carty*, a highly instructive case on the very issue before the Court.

In *Carty*, a business dispute that resulted in an eight-count Complaint that included tortious interference, the trial court granting the defendant's motion to dismiss. In doing so, the Court set forth the five necessary elements of a tortious interference claim. The third prong of this test is "intentional inducement of breach of the contract." *Id.* at 260. Signature relied on this case, which the "intentional inducement of breach" language in the brief originated. Counsel can only surmise that he again transposed the cases when including citations while drafting the brief and misplaced the intended quotations, but this was unintentional and inadvertent. Indeed, it was not *Ward v. Coastal Carolina Health Care, P.A.*, that Signature intended to cite, but it was *Carty v. Westport Homes of N. Carolina, Inc.*

3

Although the citations were incorrect, the legal propositions were accurate and supported by existing authority that counsel intended to cite. Counsel sincerely apologizes for these errors and mistakes.

## CONCLUSION

Counsel respectfully submits that the citation errors that occurred during the drafting process of the brief were inadvertent and not fabricated authority. The undersigned mistakenly confused case names and citations during drafting but intended to cite valid, existing cases that had been reviewed. Counsel accepts responsibility for these mistakes, apologizes to the Court and Plaintiff's counsel, and will implement additional verification measures to prevent any recurrence. There was no intent to mislead. As requested, the sworn declarations of any attorneys or legal professionals involved in the researching, drafting, or reviewing of the brief are attached hereto.

Please note that Mr. McKinnon was not counsel of record at the time of this filing.

Respectfully submitted,

**SIGNATURE FLIGHT SUPPORT LLC AND SIGNATURE AVIATION SERVICES CORPORATION**

By Counsel

/s/ *Jon A. Nichols*
Jon A. Nichols (VSB No. 48613)
Counsel for Signature Flight Support LLC and Signature Aviation Services Corporation
Harman, Claytor, Corrigan & Wellman
804-747-5200 - Phone
804-747-6085 - Fax
jnichols@hccw.com